UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN C. HAN, | ) | CASE NO. 5:17-cv-2046 |
| PLAINTIFF, | ) | |
| vs. | ) | JUDGE SARA LIOI |
| HANKOOK TIRE CO., LTD., | ) | |
| DEFENDANT. | ) | **MEMORANDUM OPINION** |

Before the Court is the motion to dismiss filed by defendant Hankook Tire Co., Ltd. ("Hankook"). (Doc. No. 7 ["Mot."].) Plaintiff Karen C. Han ("Han") filed a memorandum in opposition to the motion (Doc. No. 12 ["Opp'n"]), and Hankook replied. (Doc. No. 14 ["Reply"].) In response, Han filed a motion for leave to file a surreply in opposition to the motion to dismiss (Doc. No. 15), which is not opposed by Hankook. (Doc. No. 16.) Accordingly, Han's surreply, attached to the motion for surreply will be considered. (Doc. No. 15-3 ["Surreply"].)

## I. PROCEDURAL BACKGROUND

This case stems from a contract between Peninsula Asset Management (Cayman) Ltd. ("Peninsula") and Ocean Capital Investment Limited ("Ocean"). Neither Han nor Hankook are parties to the contract. Further, this is the second time these parties and claims have been before this Court. But in the first action, Peninsula was also a plaintiff.

In the previous case, another judge of this district decided the claims on the merits, granting summary judgment on all claims to Hankook. *Peninsula Asset Management (Cayman)*

*Ltd. v. Hankook Tire Co., Ltd.*, No. 5:04 CV 1153, 2006 WL 2945642 (N.D. Ohio Oct. 13, 2006).

On appeal, the Sixth Circuit raised the issue of subject matter jurisdiction sua sponte. *Peninsula Asset Management (Cayman) Ltd. v. Hankook Tire Co., Ltd.*, 509 F.3d 271 (6th Cir. 2007). Because Peninsula was a Grand Cayman Islands corporation and Hankook was a South Korean corporation, the Sixth Circuit held the case lacked complete diversity. *Id.* at 272 ("[b]ecause there are alien corporations on both sides of the controversy, this case lacks the complete diversity required for a federal court to exercise diversity jurisdiction under § 1332(a)(2)[]"). According, the Sixth Circuit "reverse[d] the judgment of the district court and remand[ed] the case for consideration of the need to dismiss for lack of subject matter jurisdiction." *Id.* at 273.

On remand, the court accepted plaintiffs' position (including Han's) and concluded that the case should be dismissed for lack of subject matter jurisdiction because, despite Hankook's urging to the contrary, Peninsula was an indispensable party, resulting in there being "foreign entities on two sides of this dispute." *Peninsula Asset Management (Cayman) Ltd. v. Hankook Tire Co., Ltd.*, No. 5:04 CV 1153, 2008 WL 302370, at *2 (N.D. Ohio Feb. 1, 2008).

Han, although acknowledging the first action, now seeks to assert those very same claims entirely on her own behalf, alleging Peninsula need not be included as a party because it is "defunct" and she is "the real party in interest" for Peninsula. (Doc. No. 1 (Complaint) ¶ 4.) Han claims that complete diversity of citizenship forms the basis for this Court's jurisdiction because she is a citizen of Texas and Hankook is a citizen of South Korea.

## II. DISCUSSION

Recognizing the procedural background of this case, the Court holds that the merits of the claims are irrelevant to adjudication on this matter. Specifically, the Court holds Han is judicially estopped from asserting these claims.

Judicial estoppel has long been recognized by courts as an "equitable doctrine invoked by a court at its discretion,…to protect the integrity of the judicial process, by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine,* 532 U.S. 742, 750-51, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (citing cases) (quotations omitted). When determining whether to apply the doctrine, the Sixth Circuit considers the following factors:

> (1) whether the party's later position is clearly inconsistent with its early position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that the court was previously misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Flexsys Am. LP v. Kumho Tire U.S.A., Inc.*, 726 F. Supp. 2d 778, 791 (N.D. Ohio 2010) (citing *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 425 (6th Cir 2005) (quoting *New Hampshire,* 532 U.S. at 750-51)). All factors are met here.

In the previous case, Han's position was that Peninsula was an indispensable party. (*Peninsula Asset Management (Cayman) Ltd. v. Hankook Tire Co., Ltd.*, No. 5:04 CV 1153, (Doc. No. 216 ["Han 2008 Opp'n"])). Accordingly, because Peninsula's presence defeated complete diversity, the action was dismissed for lack of subject matter jurisdiction. Now, Han argues that the same claims may proceed without Peninsula's presence in the litigation, but may instead be asserted by Han herself "in the shoes of her defunct business entity[.]" (Opp'n at

129[1].) Han argues that judicial estoppel should not apply because there has been a change in fact rather than an inconsistent position.

To support her argument, Han notes that Peninsula is now "defunct" and claims that it now lacks capacity to sue or be sued. But prior to choosing to make Peninsula "defunct," Han was aware of the fact that the claims belonged to Peninsula's itself, asserting,

> Although Plaintiffs' intention to include Han and Park as plaintiff was more or less related to Plaintiffs' alternative fraud claim, Peninsula is an essential party in Plaintiffs' main claim-breach of contract…. Plaintiffs' claim is based on the contract between Peninsula and Ocean Capital Investment (L) Limited. In addition, Plaintiffs' seeking remedy for financial loss is limited to that of Peninsula.

(Han 2008 Opp'n at 8683-84.) Further, answering lingering questions about whether Peninsula was already defunct, Han recognized the fact that Peninsula's continued existence was critical to bringing these claims, stating,

> Peninsula has not been liquidated yet and still exists legally although business or operation of Peninsula had ceased due to this causes [sic] of action. Peninsula never agreed with Hankook on its allegation that Peninsula did not existed at the time of filing Complaint. Conversely, Plaintiff made clear that Peninsula exists for this lawsuit while it is dormant business-wise.

(*Id.* at 8681-82.) As such, Han's current argument that Peninsula need not exist in whole or be a party to the litigation clearly contradicts her previous position.

Because the Court accepted Han's previous argument and dismissed the action for lack of subject matter jurisdiction, the second factor is also met. In turn, with respect to the third factor, allowing Han to proceed on this action without the presence of Peninsula would give Han the unfair advantage of essentially having a second bite of the apple. Prior to reversal and remand by the Sixth Circuit for lack of subject matter jurisdiction, the Court previously decided the claims

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

on the merits in favor of defendants, including Hankook. Further, had Han previously taken her current position -- that Peninsula's presence is unnecessary -- this litigation would have proceeded and likely been over years ago.

This manner of "playing 'fast and loose' with the courts" is exactly the type of conduct judicial estoppel seeks to prevent. *See New Hampshire*, 532 U.S. at 749-51 (quoting *Scarano v. Cent. R. Co. of N.J.*, 203 F.2d 510, 513 (3d Cir. 1953) (further citation omitted)); *see also* 18B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc*. § 4477 (2d ed. April 2018 Update). Han recognized the importance of Peninsula's inclusion in the prior case and adamantly asserted that Peninsula continued to exist for purposes of the litigation. The Court found in her favor and dismissed the action. Now, ten years later, Han attempts to take advantage of her decision to make Peninsula "defunct" and masquerade Peninsula's claims as her own. Essentially, Han seeks to clear the previous jurisdictional hurdle by simply moving it out of the way by recharacterizing Peninsula's breach of contract claim as hers – an unseemly maneuver the Court must not permit. *See* Wright & Miller, *supra*, at §4477 ("The concern [of judicial estoppel] is to avoid unfair results and unseemliness.").

### IV. CONCLUSION

For the foregoing reasons, Hankook's motion to dismiss is GRANTED and Han's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 28, 2018

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**