# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KAREN C. HAN, | ) | CASE NO. 5:17-cv-2046 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| HANKOOK TIRE CO., LTD., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of plaintiff Karen C. Han ("Han"), pursuant to Fed. R. Civ. P. 59(e), for reconsideration of the Court's decision dismissing this action. (Doc. No. 23 ["Mot."].) Defendant Hankook Tire Co., Ltd. ("Hankook") opposes the motion (Doc. No. 24 ["Opp'n"]), and Han has filed a reply (Doc. No. 25 ["Reply"]). For the reasons that follow, the motion for reconsideration is DENIED.

## I. BACKGROUND

The factual and procedural background of this case, as well as the related 2004 case that forms the basis for this Court's judicial estoppel decision, was detailed in the Court's August 28, 2018 Memorandum Opinion for which Han now seeks reconsideration. (Doc. No. 21 ["MO"].) The Court assumes familiarity with this prior ruling. For purposes of providing context for the present motion, only a few salient facts need be restated. In 2004, Han and Peninsula Asset Management ("Peninsula")—a company for which Han is the sole shareholder—brought a contract action against Hankook in this Court before the late Judge David D. Dowd, Jr. on the

basis of diversity jurisdiction. (N.D. Ohio Case No. 5:04 CV 1153.) Han appealed from Judge Dowd's summary dismissal of the claims. Upon remand from the Sixth Circuit for the purpose of evaluating the existence of diversity jurisdiction, Han successfully argued that Peninsula was an indispensable party to the action, resulting in dismissal of the action by the district court for want of jurisdiction because there were "foreign entities on the two sides of this dispute." *Peninsula Asset Mgmt. (Cayman), Ltd. v. Hankook Tire Co., Ltd.*, No. 5:04 CV 1153, 2008 WL 302370, at *2 (N.D. Ohio Feb. 1, 2008).

More than nine years later, Han filed the present action—without naming Peninsula as a party plaintiff—raising allegations involving the same contract between Peninsula and Hankook. Hankook sought dismissal of Han's contract claims because she was not a party to the contract between Hankook and Peninsula. In opposition, Han argued that she could maintain the action on behalf of herself and Peninsula because Peninsula was not an indispensable party, a representation contrary to the one she advanced in 2004. These inconsistent positions formed the basis for this Court's determination that judicial estoppel barred Han's claims.[1] Having successfully maneuvered out from under an unfavorable summary judgment ruling in the 2004 case by arguing that Peninsula was an indispensable party to the parties' contract dispute, the Court concluded that Han could not adopt a contrary position because it now suited her purposes. (MO at 279 ["Essentially, Han seeks to clear the previous jurisdictional hurdle by simply moving it out of the way by recharacterizing Peninsula's breach of contract claim as hers—an unseemly

---

[1] Han incorrectly maintains that the Court "sua sponte" raised the issue of judicial estoppel. (Mot. at 284 [All page number references are to the page identification number generated by the Court's electronic docketing system.].) Hankook raised this doctrine in its reply brief in support of dismissal in response to Han's attempt to change positions on Peninsula's status as an indispensable party to the underlying contract dispute. (Doc. No. 14 at 151.) The Court granted Han leave to file a sur-reply to address this and other issues. (Doc. No. 15 (Motion to File Sur-reply); Doc. No. 15-3 (Sur-reply); *see* MO at 275.)

maneuver the Court must not permit."].) *See New Hampshire v. Maine*, 532 U.S. 742, 743, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (a party may not "deliberately chang[e] [her position] according to the exigencies of the moment") (quotation marks and citation omitted).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. Such motions are typically treated as motions to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). The purpose of Rule 59(e), however, is not to provide an unhappy litigant with an opportunity to relitigate issues already considered and rejected by the Court. *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods., Inc.*, No. 5:15-cv-1310, 2016 WL 3555431, at *3 (N.D. Ohio June 30, 2016). In other words, a motion for reconsideration is not a substitute for appeal. *See CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-cv-00680, 2015 WL 1000444, at *4 (S.D. Ohio Mar. 5, 2015) (citing, among authority, *Gore v. AT & T Corp.*, No. 2:09-CV-854, 2010 WL 3655994, at *1 (S.D. Ohio Sept. 14, 2010) ("Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion.")). Neither is a Rule 59(e) motion properly used to advance a new legal theory or new evidence to support a prior argument when either or both, with due diligence, could have been discovered and offered during the initial consideration of the issue. *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

Generally, only three situations justify a district court in altering or amending its judgment: (1) to accommodate an intervening change in controlling law, (2) to account for new

evidence not available at trial, or (3) to correct a clear error or prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)); *see also Huff v. FirstEnergy Corp.*, No. 5:12CV2583, 2014 WL 2441768, at *2 (N.D. Ohio May 29, 2014) (The party seeking to alter or amend judgment under Rule 59(e) "'must either clearly establish a manifest error of law or must present newly discovered evidence.'") (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)). Han bases her request for reconsideration on the third reason—to correct what she perceives as a clear error of law. (Mot. at 287.)

**III. DISCUSSION**

    **A.**    **Judicial Estoppel may be Employed in this Action**

As an initial matter, Han argues that the Court clearly erred in applying judicial estoppel to dismiss the action because "the judicial estoppel doctrine does not apply to questions of subject matter jurisdiction[.]" (*Id.* at 284.) In support of this position, Han cites cases, such as *In re S.W. Bell Tel. Co.*, 535 F.2d 859, 861 (5th Cir.), *judgment vacated by* 556 F.2d 370 (5th Cir. 1977), holding that:

> Judicial estoppel principles cannot conclusively establish jurisdictional facts. If facts come to light casting significant doubt on the power of a federal court to hear a pending case, it must, of course, re-examine its jurisdiction.

*See Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) (another case cited by Han, providing "'[I]rrespective of how the parties conduct their case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits'") (quoting *Wright v. Bankamerica Corp.*, 219 F.3d 79, 80 (2d Cir. 2000)).

Hankook agrees that judicial estoppel cannot be employed to *establish* or *expand* federal jurisdiction. (Opp'n at 312, citing *Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) ("no action of the parties can confer subject-matter jurisdiction upon a federal court").) But it insists that "this case is different. Here, [the C]ourt properly applied judicial estoppel *not* to establish or expand jurisdiction, but to *dismiss* a case because of Han's unseemly gamesmanship." (*Id.*, emphasis in original.) As such, Hankook argues that the Court's "decision doesn't run afoul of the limited-jurisdiction principle on which Han relies." (*Id.*)

Hankook suggests that the Court's decision is consistent with a recent case from the First Circuit. In *Sexual Minorities Uganda v. Lively*, 899 F.3d 24 (1st Cir. 2018), the defendant, like Han here, previously argued that the district court lacked diversity jurisdiction. *Id.* at 32. But on appeal, the defendant, contradicting his previous position, argued that jurisdiction existed. *Id.* When the plaintiff invoked judicial estoppel to oppose jurisdiction, the defendant, again like Han, argued that estoppel did not apply to matters of jurisdiction. *Id.* at 33-34. But the appellate court rejected this argument and applied judicial estoppel to decline, not establish, jurisdiction over the case. The First Circuit explained:

> [Defendant] overlooks, though, that this is a one-way ratchet. Even though federal subject-matter jurisdiction cannot be established through waiver or estoppel, it may be defeated by waiver or estoppel. For example, a federal court is not required to assume jurisdiction under a theory that a party has waived. So, too, although the doctrine of judicial estoppel cannot be applied to create federal subject-matter jurisdiction that is otherwise lacking, it may be applied to prevent a party from basing federal subject-matter jurisdiction on facts that directly contradict his previous representations to another tribunal.
>
> ∗∗∗
>
> [Defendant] and his counsel owed a duty of candor to the district court; they told that court that diversity jurisdiction did not exist; and they secured a dismissal of

the pending federal suit, partially as a result of that disclaimer. When a party makes a representation to a court, there is no unfairness in insisting that he live with its consequences. Accordingly, there is no principled way in which we can now permit [defendant] to embrace a directly contradictory position simply because his interests have changed. Any other outcome would raise the specter of inconsistent determinations and endanger the integrity of the judicial process.

*Id*. at 34 (quotation marks and internal citations omitted).

The Court finds the analysis offered by the First Circuit persuasive. Here, the Court did not apply judicial estoppel for the improper purpose of creating jurisdiction where it was otherwise lacking. Instead, the Court applied the doctrine to protect the integrity of the judicial system by holding a party to a previously asserted position. This distinction takes the case out of the realm of decisions, relied upon by Han, prohibiting the use of judicial estoppel to confer jurisdiction in "the face of an alleged jurisdictional default." *See, e.g., Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009) (noting that "[e]ven if the parties wasted judicial resources up to this point and misled the courts on this issue in the process, we may not forge ahead on blind principle without jurisdiction to do so").

### B. Han Previously Successfully Asserted a Contrary Position

Han argues that, even if judicial estoppel was available as a remedy in this case, the Court clearly erred by misapplying the three-factor judicial estoppel test.[2] (Mot. at 289.) Specifically, Han posits that the Court erred in finding that she had previously succeeded in getting the Court to accept her earlier, inconsistent position. (*Id*.) According to Han, the "record clearly establishes, upon remand, simply agreeing with the Sixth Circuit, which detected, *sua sponte*, [a]

---

[2] When determining whether to apply judicial estoppel, the Sixth Circuit considers the following factors: (1) whether the party's later position is clearly inconsistent with its earlier position, (2) whether the party has succeeded in persuading a court to accept that party's earlier position, and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage if not estopped. *Flexsys Am. LP v. Kumho Tire U.S.A., Inc*., 726 F. Supp. 2d 778, 791 (N.D. Ohio 2010) (citing *Lewis v. Weyerhaeuser Co*., 141 F. App'x 420, 425 (6th Cir. 2005)).

jurisdictional defect, Judge Dowd dismissed the prior action without considering or accepting any positions of the parties." (Reply at 331, citing Mot. at 284-85.)

Han has misrepresented the record. In dismissing the 2004 action upon remand, Judge Dowd specifically "reject[ed] the notion that Peninsula is a dispensable or nominal party"—that is, the Court accepted Han's position relative to Peninsula and afforded Han the relief she requested—and dismissed the action for want of jurisdiction. *Peninsula Asset Mgmt.*, 2008 WL 302370, at *2. No more is necessary to demonstrate that a party has "successfully asserted an inconsistent position in a prior proceeding." *Cf. Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982) (finding that the plaintiff did not "successfully assert" a contrary position where the relief he sought was obtained, not by a judicial ruling, but by way of "the settlement of the contested claim"). Judge Dowd's reliance was sufficient to support an application of judicial estoppel here:

> The district court unarguably bought what [defendant] was selling: although it did not expressly address the existence vel non of diversity jurisdiction in its dispositive ruling, its dismissal of the action necessarily adopted [defendant's] argument that diversity jurisdiction was lacking. No more is exigible to satisfy the second element [of judicial estoppel].

*Sexual Minorities*, 899 F.3d at 33.³ Regardless of whether Judge Dowd explicitly explained the basis for his rationale in so many words, he clearly "bought what [Han] was selling"—the position that Peninsula was an indispensable party to the proceedings. Having derived the benefit

---

³ Han argues that *Sexual Minorities* represents the "minority view" that "all that is necessary to invoke judicial estoppel is that by changing a previous position the party is playing fast and loose with the court." (Reply at 329.) As the Ninth Circuit observed, "[t]he majority of circuits recognizing the doctrine [of judicial estoppel] hold that it is inapplicable unless the inconsistent statement was actually adopted by the court in the earlier litigation . . . The minority view, in contrast, holds that the doctrine applies *even if the litigant was unsuccessful in asserting the inconsistent position*, if by his change of position he is playing fast and loose with the court." *Morris v. Cal.*, 966 F.2d 448, 452053 (9th Cir. 1991) (collecting cases) (emphasis added, quotation marks omitted). Contrary to Han's suggestion, the court in *Sexual Minorities* did not employ the minority view but found that the defendant, like Han, successfully asserted a prior inconsistent position.

of her prior position—the dismissal of the prior action for want of jurisdiction—Han cannot now claim that she did not successfully assert a prior contrary position. *See Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 389 n.4 (2d Cir. 2011) (holding that for judicial estoppel to apply, "[t]he court need only adopt the position in some manner, such as by rendering favorable judgment") (quotation marks and citation omitted); *see, e.g., Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*, 834 F.2d 208, 213 (1st Cir. 1987) (applying judicial estoppel and noting that "[a]lthough the court gave no reasons, it is reasonable to believe that it was influenced by [plaintiff's prior inconsistent] representation"). The Court did not err in finding the second judicial estoppel factor met.[4]

C. **This Court was not Presented with New Circumstances**

Han also argues that the Court clearly erred in applying judicial estoppel because her current position is based upon the "new" allegation in the complaint that Peninsula is now "defunct." (Mot. at 290, citing Doc. No. 1 ["Compl."] ¶ 4.) She notes that her understanding of the word "defunct" means that the entity no longer exists. (*Id.*) Continuing, she argues that "[s]ince the factual allegations in the Complaint are deemed true in a Rule 12(b)(6) motion, Han need not explain why Peninsula no longer exists." (*Id.*)

---

[4] Han also argues that the Court erred in finding that the third factor was met. To the extent that any of her arguments relative to the Sixth Circuit's three-factor test are properly raised in a Rule 59(e) motion, and do not simply represent an attempt to relitigate issues already considered and rejected, Court finds no error. Permitting Han to proceed in this Court, after having escaped an unfavorable summary judgment ruling, would obviously bestow upon Han the unfair advantage of a second bite at the apple in federal court. *See, e.g., id.*, 834 F.2d at 213-14 (noting that defendants were harmed by plaintiff's prior inconsistent statement as it "spelled clear defeat for defendants' stay motion").

There are several problems with Han's position. First, and foremost, the Court was not exploring in the first instance whether it had jurisdiction over this matter. Had the Court considered its jurisdiction in the first instance, its analysis would have been guided by Rule 12(b)(1) and not Rule 12(b)(6). The Sixth Circuit has clearly recognized that a district court is empowered to consider evidence beyond the pleadings and to resolve factual disputes when necessary. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). In fact, a "district court has broad discretion over what evidence to consider and may look outside the pleadings to determine whether subject-matter jurisdiction exists." *Adkisson v. Jacobs Eng'g Grp., Inc*., 790 F.3d 641, 647 (6th Cir. 2015). Further, the "plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Han's conclusory allegation that Peninsula is now "defunct" would not have met her burden.

Instead, it was considering whether Han was free to rely on an inconsistent position to create jurisdiction in the face of an alleged jurisdictional defect—a defect she previously brought to the Court's attention. Second, Han's allegation is not new. In the 2004 action before Judge Dowd, Hankook "argue[d] that Peninsula is a dispensable and nominal party and probably did not even exist at the time of the filing of the complaint." *Peninsula Asset Mgmt*., 2008 WL 302370, at *3. Judge Dowd specifically rejected this argument and found, at Han's urging, that Peninsula was not a "dispensable or nominal party." *Id*. One of the purposes of judicial estoppel is to avoid the creation of "'the perception that either the first or the second court was misled.'" *New Hampshire,* 532 U.S. at 750 (quoting *Edwards v. Aetna Life Ins. Co*., 690 F.2d 595, 599 (6th Cir. 1982)). Allowing Han to rely on the same conclusory allegation previously rejected by Judge Dowd because it subsequently suited her purposes to do so would have given the clear

impression that one court was misled. *Id*. at 749-50. The doctrine of judicial estoppel was designed to address this very type of unseemly maneuvering. *See* 18B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc*. § 4477 (2d ed. Apr. 2018 Update).

### D. This Case was Properly Dismissed with Prejudice

Finally, Han suggests that, even if the Court is disinclined to reconsider its application of judicial estoppel, the "maximum estoppel sanction permitted by law is a dismissal of this action for failure to join an indispensable party without prejudice, after conducting a Rule 19 analysis."[5] (Reply at 355, citing Mot. at 297-98.) Again, the Court was not contemplating its jurisdiction in the first instance when it dismissed this matter with prejudice; nor did it dismiss for failure to join an indispensable party. Instead it was protecting the integrity of the judicial process by prohibiting a party from deliberately changing positions according to the exigencies of the

---

[5] Without referencing any authority, Han also invites the Court to carve out her individual indemnification claim and permit it to go forward, even if the underlying contract claims are dismissed. (Mot. at 293.) Because the underlying contract provides her with an "independent right of action" for indemnification, separate and apart from any contract claim involving Peninsula, she believes that "this new claim remains intact from invocation of judicial estoppel." (*Id*.) In advancing this position, Han overlooks Peninsula's status as an indispensable party. Judge Dowd determined that Peninsula was an indispensable party to this contract action, requiring the entire action to be dismissed for want of jurisdiction under Fed. R. Civ. P. 19. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001) (dismissal of the action should occur if indispensable party cannot be joined without eliminating the basis for jurisdiction). Given the relationship of the indemnity claim to the underlying contract dispute, Han would derive an unfair advantage if she were permitted to repackage this dispute as one of indemnity to get around Judge Dowd's prior determination.

moment. (MO at 279.) *See New Hampshire*, 532 U.S. at 749; *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) (The doctrine of judicial estoppel prevents parties "from abusing the judicial process through cynical gamesmanship"—from "playing fast and loose with the courts" and "blowing hot and cold as the occasion demands[.]") The Court recognizes that judicial estoppel is a potent sanction that "must be exercised with restraint and discretion." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Still, the Court finds that no lesser sanction would adequately address Han's clear abuse of the judicial system or avoid permitting Han to benefit from the advancement of clearly inconsistent positions. *See, e.g., Joy Tech. Inc. v. N. Am. Rebuild Co., Inc.*, No. 12-0144, 2012 WL 1802023, at *8 (W.D. Pa. May 15, 2012) (finding no lesser sanction than dismissal with prejudice would remedy the harm done by plaintiff's playing fast and loose with the courts, and noting that the "harm of an inconsistent, duplicative second lawsuit filed in bad faith can only be avoided by dismissal, with prejudice, of that second action"). Here, a sanction short of dismissal with prejudice would unfairly permit Han to seek that second bite of the apple in state court. The Court will not reward this gamesmanship by changing its dismissal to one without prejudice.

## IV. CONCLUSION

For all of the foregoing reasons, Han's motion for reconsideration (Doc. No. 23) is DENIED.

**IT IS SO ORDERED**.

Dated: July 3, 2019

								_____
								**HONORABLE SARA LIOI**
								**UNITED STATES DISTRICT JUDGE**